**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ELVIN CLIFFORD WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-08-207-FHS |
| ) | |
| CHARLES MORRISON, (DOCTOR P.A.) ) | |
| KELLY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, Elvin Clifford Watkins, appearing *pro se*, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 pertaining to his conditions of confinement while incarcerated as a federal pre-trial detainee in the Muskogee County Detention Center.

On June 4, 2008, while a prisoner in a Massachusetts facility, plaintiff filed his civil rights complaint alleging numerous civil rights violations. He alleges the defendant, (Doctor P.A.) Kelly violated his constitutional rights by having plaintiff placed into administrative segregation for a period of three days following the discovery of a cache of plaintiff's medication which plaintiff had retained in his cell. Plaintiff also claims the defendant, (Doctor P.A.) Kelly further violated his constitutional rights by ordering the denial of plaintiff's prostrate medications for a period of thirty days following his placement into administrative segregation, by placing him in administrative segregation in a cell which did not have a toilet while plaintiff had an infection which caused him to have severe diarrhea, and by refusing to fill a doctor's prescription for a

1

stronger antibiotic for plaintiff's prostatitis.  Plaintiff claims defendant was deliberately indifferent to his health and well being in violation of his Eighth Amendment rights, that defendant punished him in violation of his Fifth Amendment rights against double jeopardy, that defendant violated his job description and "Broked Chain of Custody," and that defendant discriminated against him, presumably in violation of the equal protection clause of the Fourteenth Amendment.

At all times relevant to his complaint, plaintiff was housed at the Muskogee County Detention Center as a federal pre-trial detainee. To exhaust his administrative remedies pursuant to the detention center policy plaintiff was required to submit a written grievance when he believed he might have been subjected to abuse, harassment, abridgment of civil rights, and denial of privileges.  Plaintiff failed to file a written grievance regarding the subject matter of plaintiff's Amended Complaint.  In his response to the motion at issue, plaintiff only objects to the claims by defendant that he has not stated a constitutional claim.  He does not mention his failure to file a written grievance.  However, in his motion answering/responding to Muskogee County Sheriff, Charles Pearson's Special Report, he states he did file two hand written grievances and states the court would have to subpoena those from Mr. Dill.  In his response he does not give dates of the grievances or what information was contained in the grievances.  This is simply insufficient.  There is absolutely no proof that plaintiff filed a written grievance with the defendant regarding the allegations in his complaint.  Therefore, plaintiff has simply failed to exhaust his administrative remedies as to any claim in his lawsuit.

A plaintiff is required to exhaust each claim prior to bringing litigation. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). In Wright, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." Wright at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds the plaintiff has simply failed to exhaust his administrative remedies as to his

claims. Accordingly, defendant, (Doctor P.A.) Kelly's Motion to Dismiss/Motion for Summary Judgment (Doc. No. 32) is hereby **GRANTED**.

**IT IS SO ORDERED** this 13th day of January, 2009.

Frank H. Seay
United States District Judge